UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| ANTHONY FYFFE,<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>TRIHEALTH, INC.<br><br>*Defendant.* | § § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Anthony Fyffe brings this action individually and on behalf of all current and former nurses (hereinafter "Plaintiff and the Putative Class Members") who worked for TriHealth, Inc. ("TriHealth" or "Defendant"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Ohio's Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("the OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will collectively be referred to as "the Ohio Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Ohio state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of Ohio, and FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those persons who worked for TriHealth as non-exempt nurses and were responsible for assisting patients and doctors in TriHealth facilities, anywhere in the United States, at any time during the relevant statutes of limitation, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, TriHealth knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

5. Specifically, TriHealth's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their meal-period breaks.

6. Further, TriHealth also employs a time clock that rounds Plaintiff and the Putative Class Members payable time to the nearest fifteen-minute increment. Plaintiff and the Putative Class Members are permitted (and encouraged by TriHealth) to clock in and begin work six minutes prior

to their shift start time. Plaintiff and the Putative Class Members are also discouraged (and at times disciplined) by TriHealth when they clock out seven minutes past their shift end time.

7. The effect of TriHealth's time rounding and their policies regarding when Plaintiff and the Putative Class Members may clock in and must clock out is that Plaintiff and the Putative Class Members are not paid for the time spent working prior to and after their shift end time.

8. The effect of TriHealth's practices were (and are) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, TriHealth has failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA and Ohio state law.

9. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Ohio common law.

10. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight-time and other damages owed under the Ohio Acts as a class action pursuant to Federal Rule of Civil Procedure 23.

11. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Fyffe designated herein be named as the Class Representative for the Ohio Class.

## II.
## THE PARTIES

13. Plaintiff Anthony Fyffe ("Fyffe"), who resides at 142 N. Main Street, Franklin Ohio 45005 (Warren County) has been employed by TriHealth in Ohio during the relevant time period. Plaintiff Fyffe did not (and currently does not) receive compensation for all hours worked or the

correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former nurses who were employed by TriHealth, anywhere in the United States, and at any time from October 1, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fyffe worked and was paid.

15. The Ohio Class Members are those current and former nurses who were employed by TriHealth in Ohio, at any time from October 1, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Fyffe worked and was paid.

16. Defendant TriHealth, Inc. is a domestic non-profit corporation, organized under the laws of the State of Ohio. TriHealth, Inc. may be served through its registered agent for service of process: **OSAC, Inc. 100 S. Third Street, Columbus, Ohio 43215.**

### III.
### JURISDICTION & VENUE

17. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has supplemental jurisdiction over the additional Ohio Acts claim pursuant to 28 U.S.C. § 1367.

19. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

20. This Court has personal jurisdiction over TriHealth because the cause of action arose within this district as a result of TriHealth's conduct within this District and Division.

21. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The written consent of Anthony Fyffe is attached hereto as Exhibit "A."

22. Specifically, TriHealth's corporate headquarters are located in Cincinnati, Hamilton County, Ohio which is located within this District and Division.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

24. Defendant TriHealth, Inc. is a unified health care system operating seven hospitals and dozens of primary care centers across the state of Ohio.[2]

25. To provide its services, TriHealth employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the State of Ohio.

26. Plaintiff Fyffe has been employed by TriHealth in Cincinnati, Ohio since 2018.

27. Plaintiff and the Putative Class Members are (or were) non-exempt nurses employed by TriHealth for the relevant time-period preceding the filing of this Complaint through the final disposition of this matter.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as TriHealth) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

29. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of TriHealth resulting in the complained of FLSA and Ohio Acts violations.

30. Plaintiff and the Putative Class Members are non-exempt nurses who were (and are) paid by the hour.

31. Plaintiff and the Putative Class Members typically worked approximately thirty-six (36) to forty (40) "on-the-clock" hours per week.

---

[2] https://www.trihealth.com/hospitals-and-practices

32. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

**Unpaid Lunch Breaks**

33. TriHealth has a policy that nurses, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from their hours worked.

34. TriHealth was (and continue to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute periods without pay in violation of the FLSA and the Ohio Acts.

35. Specifically, TriHealth has performed numerous surveys of its nurses to study how often they are unable to take a full undisturbed thirty (30) minute meal break. From those studies, TriHealth knows that up to 89.47% of its nurses—Plaintiff and the Putative Class Members—are unable to sit down for a full undisturbed thirty (30) minute meal break every day.

36. When calculating Plaintiff and the Putative Class Members' hours each pay period, TriHealth deducted (and continues to deduct) thirty minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

37. In other words, for each 3-day workweek, TriHealth deducted (and continue to deduct) a minimum of 1.5 hours from each workweek's total "on-the-clock" hours. For a 5-day workweek, TriHealth deducted (and continue to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours.

38. TriHealth's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the Ohio Acts.

39. TriHealth's systematic deduction of the 30-minute meal period from actual hours worked at or below forty (40) hours per workweek and actual hours worked in excess of 40 hours per

workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of straight time pay and overtime pay in violation of the FLSA and Ohio Acts.

### Time Rounding Policy

40. TriHealth utilizes a timeclock system which rounds to the nearest fifteen-minute increment. If a nurse clocks in at 7:06 a.m. that time is rounded to 7:00 a.m. Likewise, if a nurse clocks in at 7:07 a.m., that time is rounded to 7:15 a.m.

41. TriHealth policy permits (and encourages) Plaintiff and the Putative Class Members to clock in and start work six minutes prior to their scheduled shift start time. Notably, Plaintiff and the Putative Class Members were not (and are not) permitted to clock in seven minutes prior to their shift start time.

42. TriHealth policy permits (and encourages) Plaintiff and the Putative Class Members to work until and clock out at six minutes past the end of their scheduled shift end time. Notably Plaintiff and the Putative Class Members were not (and are not) permitted to clock out seven minutes past the end of their scheduled shift end time.

43. As a result of TriHealth's policies regarding when Plaintiff and the Putative Class Members may or may not clock in and clock out, TriHealth's time rounding policy violates 29 C.F.R. 785.48(b).

44. In other words, although Plaintiff and the Putative Class Members are clocking in, and beginning work early, and continuing work past their shift end time, they are not paid for that time.

45. TriHealth's systematic time rounding policy resulted (and continues to result) in Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the Ohio Acts.

46. TriHealth's systematic time rounding policy that deducts time worked from the actual hours worked at or below forty (40) hours per workweek and actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of

the required and proper amount of straight time pay and overtime pay in violation of the FLSA and Ohio Acts.

47. As a result of TriHealth's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked straight time hours and overtime hours for which they were not compensated.

48. TriHealth's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" straight time hours violated (and continues to violate) the Ohio Acts.

49. TriHealth's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

50. TriHealth knew or should have known that it was (and is) miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

51. TriHealth knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

52. TriHealth knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

53. Because TriHealth did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, TriHealth's pay policies and practices willfully violate the FLSA.

54. Because TriHealth did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, TriHealth's pay policies and practices also violate the Ohio Acts.

# V.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     The FLSA Collective is defined as:

**ALL NURSES WHO WORKED FOR TRIHEALTH, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM OCTOBER 1, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

57.     At all times hereinafter mentioned, TriHealth has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58.     At all times hereinafter mentioned, TriHealth has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59.     At all times hereinafter mentioned, TriHealth has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60.     Specifically, TriHealth operates numerous hospitals, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

61. During the respective periods of Plaintiff and the FLSA Collective Members' employment by TriHealth, these individuals provided services for TriHealth that involved interstate commerce for purposes of the FLSA.

62. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt nurses who assisted TriHealth's customers and employees throughout the United States. 29 U.S.C. § 203(j).

64. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

65. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

66. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of TriHealth.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

67. TriHealth violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

68. Moreover, TriHealth knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

69. TriHealth knew or should have known its pay practices were in violation of the FLSA.

70. TriHealth is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

71. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted TriHealth to pay them according to the law.

72. The decision and practice by TriHealth to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

73. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of TriHealth's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

76. Other similarly situated employees of TriHealth have been victimized by TriHealth's patterns, practices, and policies, which are in willful violation of the FLSA.

77. The FLSA Collective Members are defined in Paragraph 56.

78. TriHealth's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and

practices of TriHealth's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

79. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

80. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

81. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

82. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

83. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and TriHealth will retain the proceeds of their violations.

84. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

85. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 56 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Ohio Acts)**

**A. OHIO ACTS COVERAGE**

86. Paragraphs 1-85 are incorporated as though fully set forth herein.

87. The Ohio Class is defined as:

**ALL NURSES WHO WORKED FOR TRIHEALTH, INC., ANYWHERE IN THE STATE OF OHIO, AT ANY TIME FROM OCTOBER 1, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

88. At all times hereinafter mentioned, TriHealth has been an employer within the meaning of the Ohio Wage Act, O.R.C. § 4111.03(D)(2) and the OPPA, O.R.C. § 4113.15(A).

89. At all times hereinafter mentioned, Plaintiff and the Ohio Class members have been employees within the meaning of the Ohio Wage Act, O.R.C. § 4111.03(D)(3) and the OPPA, O.R.C. § 4113.15 (A).

90. Plaintiff and the Ohio Class Members were or have been employed by TriHealth since October 1, 2018 and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

91. The employer, TriHealth, is not exempt from paying overtime benefits under the Ohio Acts.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

92. All previous paragraphs are incorporated as though fully set forth herein.

93. The Ohio Acts require that TriHealth pay Plaintiff and the Ohio Class Members all wages, including straight time, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month.

94. Plaintiff and the Ohio Class Members were or have been employed by TriHealth since October 1, 2018 and have been covered employees entitled to the protections of the Ohio Acts.

95. TriHealth is an employer covered by the requirements set forth in the Ohio Acts.

96. Plaintiff and the Ohio Class Members worked straight time hours in workweeks during times relevant to this case, however, TriHealth violated the Ohio Acts by failing to pay Plaintiff and the Ohio Class Members for all hours worked.

97. Plaintiff and the Ohio Class Members were not paid all wages, including straight time wages within thirty (30) days of performing the work.

98. The wages of Plaintiff and the Ohio Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

99. Plaintiff and the Ohio Class Members have suffered damages and continue to suffer damages as a result of TriHealth's acts or omissions as described herein; though TriHealth is in possession and control of necessary documents and information from which Plaintiff Fyffe would be able to precisely calculate damages.

100. In violating the Ohio Acts, TriHealth acted willfully, without a good faith basis, and with reckless disregard of Ohio Wage Act and the OPPA.

101. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 87.

102. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of TriHealth.

C. **OHIO ACTS CLASS ALLEGATIONS**

103. All previous paragraphs are incorporated as though fully set forth herein.

104. Plaintiff Fyffe brings his Ohio Acts claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by TriHealth who worked in Ohio at any time since October 1, 2018.

105. Class action treatment of Plaintiff Fyffe's Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

106. The number of Ohio Class Members is so numerous that joinder of all class members is impracticable.

107. Plaintiff Fyffe is a members of the Ohio Class, his claims are typical of the claims of other Ohio Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Ohio Class Members.

108. Plaintiff Fyffe and his counsel will fairly and adequately represent the Ohio Class Members and their interests.

109. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

110. Accordingly, the Ohio Class should be certified as defined in Paragraph 87.

## VI.
## RELIEF SOUGHT

111. Plaintiff Fyffe respectfully prays for judgment against TriHealth as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 56 and requiring TriHealth to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding TriHealth liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Ohio Class as defined in Paragraph 87 and designating Plaintiff Fyffe as the Class Representative of the Ohio Class.

    e. For an Order pursuant to the Ohio Act awarding the Ohio Class Members all damages allowed by law;

    f. For an Order awarding the costs of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Fyffe a service award as permitted by law;

      j.      For an Order compelling the accounting of the books and records of TriHealth, at TriHealth's expense; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 1, 2020

Respectfully submitted,

By: /s/ *Robert E. DeRose*
**Robert E. DeRose** (OH Bar No. 005214)
bderose@barkanmeizlish.com
**Jessica R. Doogan** (OH Bar No. 0092105)
jdoogan@barkanmeizlish.com
**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Telephone: (614) 221-4221
Facsimile: (614) 744-2300

**Local Counsel**

By: /s/ *Clif Alexander*
**Clif Alexander** (application *pro hac vice* forthcoming)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (application *pro hac vice* forthcoming)
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***