# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### CINCINNATI DIVISION

**ANTHONY FYFFE,**
Individually and on
behalf of all others similarly situated,

        Plaintiff

    v.

**TRIHEALTH, INC.**

        Defendant

Case No. 1:20-CV-00783-MRB

JUDGE MICHAEL R. BARRETT

MAGISTRATE KAREN L. LITKOVITZ

COLLECTIVE ACTION PURSUANT
TO 29 U.S.C. § 216(B)

---

## PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT

Plaintiff—Anthony Fyffe, individually and on behalf of all others similarly situated (collectively, "Plaintiffs")—files his Unopposed Motion to Approve the Settlement of this action with Defendant—TriHealth, Inc. ("TriHealth")—as set forth in the proposed Settlement Agreement (the "Settlement"; attached as Exhibit 1 to this Motion). TriHealth does not oppose this Motion. The Settlement was achieved after arms-length mediation on May 19, 2021, and informal mediation on June 2, 2021. The Settlement is fair and reasonable and satisfies the criteria for approval under the Fair Labor Standards Act, 29 U.S.C. § 216(b), as more fully shown in the accompanying Memorandum in Support of this Motion.

Dated:  September 2, 2021                    Respectfully submitted,

                                             */s/ Clif Alexander*
                                             **Clif Alexander** (admitted *pro hac vice*)
                                             Texas Bar No. 24064805
                                             clif@a2xlaw.com
                                             **Austin W. Anderson** (admitted *pro hac vice*)
                                             Texas Bar No. 24045189
                                             austin@a2xlaw.com
                                             **ANDERSON ALEXANDER, PLLC**
                                             819 N. Upper Broadway
                                             Corpus Christi, Texas 78401
                                             361.452.1279 phone
                                             361.452.1284 fax

                                             **Attorneys for Plaintiff and the Class Members**

                                             */s/ Robert E. DeRose*
                                             **Robert E. DeRose** (OH Bar No. 0055214)
                                             bderose@barkanmeizlish.com
                                             **BARKAN MEIZLISH DEROSE
                                             WENTZ MCINERNEY PEIFER, LLP**
                                             250 E. Broad Street, 10th Floor
                                             Columbus, Ohio 43215
                                             614.221.4221 phone
                                             614.744.2300 fax

                                             **Local Counsel**


## CERTIFICATE OF SERVICE

This is to certify that on September 2, 2021, a copy of the foregoing Motion to Approve Settlement and accompanying Memorandum in Support was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

                                             */s/ Clif Alexander*
                                             Clif Alexander
                                             Attorney for Plaintiff and the Class Members

# TABLE OF CONTENTS

Table of Authorities..................................................................................................5

Memorandum in Support ........................................................................................8

I.      Background Facts ..........................................................................................8

II.     Proposed Settlement Terms ........................................................................9

III.    The Settlement Should Be Approved ...................................................... 11

        A.     *Bona Fide* Disputes Exist Over Plaintiffs' Claims and TriHealth's Defenses ............. 11

        B.     The Proposed Settlement Is Fair and Reasonable and Constitutes an Exceptional Result for the FLSA Collective Members................................................. 12

               1.     No Risk of Fraud or Collusion ............................................................. 12

               2.     The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval ................................................................. 13

               3.     The Parties Have Engaged in Substantial Informal Discovery ...................... 13

               4.     The Likelihood of Success on the Merits............................................... 14

               5.     The Opinions of Counsel and the Representative Plaintiff Weigh in Favor of Approval .......................................................................... 15

               6.     The Reaction of Absent Class Members ............................................... 16

               7.     Approval Would Strongly Promote the Public Interest................................ 16

        C.     The *Pro Rata* Settlement Allocation Is Fair, Reasonable, and Adequate ..................... 17

        D.     Named-Plaintiff Fyffe's Service Award Should Be Approved ...................................... 17

IV.    Plaintiffs' Counsel's Fees and Costs Are Reasonable and Should Be Approved ..................... 18

        A.     As One of Its Essential and Integral Parts, the FLSA Mandates an Award of Reasonable Attorney's Fees to Ensure the Availability of Competent Counsel for Employees, to Ensure that Employees May Vindicate Congressionally-Identified Policies and Rights, and to Foster Compliance with the FLSA ................ 19

               1.     An Award of Fees Is Mandatory ........................................................ 19

               2.     Fee Awards Make Competent Attorneys Available to Both Compel and Promote Compliance With the FLSA ......................................... 19

               3.     No Mathematical Relationship Necessarily Exists Between the Amount of Damages Recovered and the Amount of Recoverable Attorney's Fees ............................................................................. 20

               4.     Permissible Measures of Recoverable Attorney's Fees ................................... 21

B.   One-Third of the $1,000,000 Gross Settlement Amount Is a Reasonable Attorney's Fee for this Complex Case, Taken on a Contingent-Fee Basis, to Fairly Compensate Experienced Counsel for the Superior Result Achieved in the Critical Area of Wage and Hour Law ..................................................................... 22

    1.   The Value of the Benefit Rendered to the Plaintiff Class ............................. 23

    2.   The Value of the Services on an Hourly Basis................................................. 23

    3.   Whether the Services Were Undertaken on a Contingent-Fee Basis.............. 24

    4.   Society's Stake in Rewarding Attorneys Who Produce Such Benefits to Maintain an Incentive to Others........................................................................ 24

    5.   The Complexity of the Litigation ................................................................... 25

    6.   The Professional Skill and Standing of Counsel Involved on Both Sides ................................................................................................................. 25

C.   Litigation Costs ......................................................................................................... 25

V.   Conclusion and Prayer ........................................................................................................ 26

**Cases**

Albers v. Tri-State Implement, Inc., No. 06-4242-KES, 2010 WL 960010 (D.S.D. Mar. 12, 2010) .......................................................................................................................... 20

Bonnette v. Cal. Health & Welfare, 704 F. 2d 1465 (9th Cir. 1983) ........................................ 20

Bradford v. Team Pizza, Inc., No. 1:20-cv-00060, 2020 WL 5987840 (S.D. Ohio Oct. 9, 2020) .......................................................................................................................... 23

Burnham v. Papa John's Paducah, LLC, No. 5:18-cv-112-TBR, 2020 WL 2065793 (W.D. Ky. Apr. 29, 2020) ............................................................................................................ 11

Chetwood v. T-Mobile USA, Inc., No. 2:19-cv-00458-RSL, 2021 WL 2206481 (W.D. Wash. June 1, 2021) ................................................................................................................. 11

Cornell v. World Wide Bus. Servs. Corp., No. 2:14-cv-27, 2015 WL 6662919 (S.D. Ohio Nov. 2, 2015) ................................................................................................................. 13

Cox v. Brookshire Grocery Co., 919 F. 2d 354 (5th Cir. 1990) ............................................... 20

Crawford v. Lexington-Fayette Urban Cty. Gov't, No. 06-299-JBC, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) .................................................................................. 11, 12, 17

Cruz v. Vel-A-Da, Inc., Case No. 3:90CV7087, 1993 WL 659253 (N.D. Ohio May 14, 1993) ................................................................................................................................... 19

Dewald v. Time Warner Cable Inc., No. 16-cv-1129, 2021 WL 687246 (S.D. Ohio Feb. 16, 2021) .......................................................................................................................... 22

Does 1-2 v. Deja Vu Servs., 925 F.3d 886 (6th Cir. 2019) ......................................... 13, 16, 25

Enter. Energy Corp. v. Columbia Gas Transmission Corp., 137 F.R.D. 240 (S.D. Ohio 1991) .......................................................................................................................... 21

Fegley v. Higgins, 19 F. 3d 1126 (6th Cir.), cert. denied, 513 U.S. 875 (1994) .................. 19, 20

Filby v. Windsor Mold USA, Inc., No. 3:13-cv-1582, 2015 WL 1119732 (N.D. Ohio Mar. 11, 2015) ................................................................................................................. 11

Fitzgerald v. P.L. Mktg., Inc., No. 2:17-cv-2251-SHM, 2020 WL 3621250 (W.D. Tenn. July 2, 2020) ................................................................................................................. 24

Foster v. Residential Programs, Inc., No. 2:19-cv-2358, 2021 WL 664055 (S.D. Ohio Feb. 18, 2021 .......................................................................... 12, 13, 14, 15, 16, 18, 19, 25

Fox v. Tyson Foods, Inc., No. 4:06-cv-4676-VEH, 2009 WL 9541256 (N.D. Ala. Feb. 17, 2009) .......................................................................................................................... 20

Gascho v. Global Fitness Holdings, LLC, 822 F.3d 269 (6th Cir. 2016) .................................................. 21

Gentrup v. Renovo Servs., LLC, No. 1:07-cv-430, 2011 WL 2532922 (S.D. Ohio June 24, 2011) ................................................................................................................................................. 9, 24, 25

Graybill v. Petta Enters., LLC, No. 2:17-cv-418, 2018 WL 4573289 (S.D. Ohio Sept. 25, 2018) .................................................................................................................................................... 15

Griffin v. Leaseway Deliveries, Inc., No. 89-6522, 1992 WL 398381 (E.D. Pa. Dec. 31, 1992) .................................................................................................................................................... 21

Hebert v. Chesapeake Operating, Inc., No. 2:17-CV-852, 2019 WL 4574509 (S.D. Ohio Sept. 20, 2019)............................................................................................................................... 22, 24

Heder v. City of Two Rivers, 255 F. Supp. 2d 947 (E.D. Wis. 2003), aff'd, 93 F. App'x 81 (7th Cir. 2004) ............................................................................................................................. 20

Hodgson v. Miller Brewing Co., 457 F.2d 221 (7th Cir. 1972) ................................................... 20

Howe v. Hoffman-Curtis Partners Ltd., 215 F. App'x 341 (5th Cir. Jan. 30, 2007) ............................... 20

In re Revco Sec. Litig., No. 851, 1992 WL 118800 (N.D. Ohio May 6, 1992) ........................................ 22

Isby v. Bayh, 75 F. 3d 1191 (7th Cir. 1996) ............................................................................ 15

King v. My Online Neighborhood, Inc., No. 606-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. Mar. 7, 2007).......................................................................................................... 20

Kritzer v. Safelite Sols., LLC, No. 2:10-cv-0729, 2012 WL 1945144 (S.D. Ohio May 30, 2012) .................................................................................................................................................... 25

Lewis v. Huntington Nat'l Bank, No. 2:11-cv-00058, 2013 WL 12231327 (S.D. Ohio May 30, 2013)................................................................................................................................. 13

Linneman v. Vita-Mix Corp., 970 F. 3d 621 (6th Cir. 2020) ................................................. 15

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)........................................... 9, 16

Macaluso v. Zirtual Startups, LLC, No. 2:19-cv-3616, 2021 WL 3639665 (S.D. Ohio Aug. 17, 2021)................................................................................................................................. 23, 24

Mitchell v. Indep. Home Care, Inc., No. 2:17-cv-717, 2019 WL 696941 (S.D. Ohio Feb. 20, 2019), report and recommendation adopted, 2019 WL 1125760 (Mar. 12, 2019).................. 15

Moulton v. U.S. Steel Corp., 581 F.3d 344 (6th Cir. 2009) ........................................................... 21

Mullins v. Data Mgmt. Co., No. 1:20-cv-214, 2021 WL 2820560 (S.D. Ohio June 21, 2021) ....................................................................................................................................... 13, 25

Murton v. MeasureComp, LLC, No. 1:07-cv-3127, 2009 WL 10715595 (N.D. Ohio Aug. 10, 2009).................................................................................................................................. 16

*NorCal Tea Party Patriots v. IRS*, No. 1:13-cv-341, 2018 WL 3957364 (S.D. Ohio Aug. 17, 2018) .................................................................................................................................... 22

*Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 WL 2095172 (N.D. Ohio May 4, 2018) ................................................................................................................................... 11, 22

*Peck v. Air Evac EMS, Inc.*, No. 5:18-615-DCR, 2019 WL 3219150 (E.D. Ky. July 17, 2019) ............................................................................................................................................. 11

*Perdomo v. Sears, Rosebuck & Co.*, No. 97-2822-CIV-T-17A, 1999 WL 1427752 (M.D. Fla. Dec. 3, 1999) .......................................................................................................... 20

*Perrin v. John B. Webb & Assocs.*, No. 6:04-cv-399-ORL-KRS, 2005 WL 2465022 (M.D. Fla. Oct. 6, 2005) ............................................................................................................ 20

*Rawlings v. Prudential–Bache Props., Inc.*, 9 F.3d 513 (6th Cir. 1993) ............................... 21, 22

*Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999) .................................................................. 19

*Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613 (6th Cir. 2021) ........................ 19, 20

*Rivas v. Dinex Group, LLC*, No. 20-cv-03117, 2021 WL 2850627 (S.D.N.Y. July 8, 2021) .................. 11

*Rui He v. Rom*, 751 F. App'x 664 (6th Cir. 2018) .............................................................. 21

*Shanahan v. KeyBank*, No. 1:19-cv-2477, 2021 WL 1034403 (N.D. Ohio Mar. 16, 2021) ............. 23, 24

*Shelton v. Ervin*, 830 F.2d 182 (11th Cir. 1987) ................................................................ 19

*Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 WL 3447947 (S.D. Ohio July 11, 2014) ... 13, 22, 25

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ............................................... 11, 12, 17

*United Slate, Tile & Composition v. G & M Roofing*, 732 F.2d 495 (6th Cir. 1984) .......................... 19

*Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313 (M.D. Fla. 2001) ....................................... 20

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983) ............................................................ 15

**Statutes**

29 U.S.C. § 216 .............................................................................................................. 9, 19, 23

29 U.S.C. § 255 ................................................................................................................... 23

**Rules**

Fᴇᴅ. R. Cɪᴠ. P. 23 .............................................................................................................. 16

## PLAINTIFF'S MEMORANDUM IN SUPPORT
## OF UNOPPOSED MOTION TO APPROVE SETTLEMENT

Plaintiff—Anthony Fyffe, individually and on behalf of all others similarly situated (collectively, "Plaintiffs")—moves the Court for approval of the proposed settlement of this action against Defendant—TriHealth, Inc. ("TriHealth")—as set forth in the proposed Settlement Agreement (the "Settlement"; attached as Exhibit 1).

## I.     Background Facts

Filed on October 20, 2020 (ECF No. 1), this case asserts federal individual and collective claims under the Fair Labor Standards Act ("FLSA") and state individual and class claims under Ohio law.[1] Plaintiffs allege they are non-exempt nurses employed by TriHealth whom TriHealth failed to pay for all hours worked, including hours in excess of 40 in a week, due to an auto-deduct policy that caused Plaintiffs to perform compensable work off-the-clock when they worked through unpaid meal breaks. *E.g.*, ECF No. 1, ¶¶ 2-5. In addition to unpaid wages and overtime, Plaintiffs also seek liquidated damages and attorney's fees and costs. *Id.* ¶¶ 10, 73, 111.

After obtaining an unopposed extension to answer (ECF Nos. 10, 11), TriHealth filed its Answer on December 10, 2020. ECF No. 12. The 17-page answer denies and disputes the Complaint's allegations of wage and hour violations under both the FLSA and Ohio law, denies that collective or class treatment is proper, and asserts nineteen (19) affirmative defenses. *Id.*

On January 21, 2021, the Parties jointly moved for a Stay and Tolling of Limitations while the parties evaluated the possibility of stipulating to conditional certification in this complex collective/class action. ECF No. 17. The Court granted an extension until February 26, 2021. ECF No. 18.

---

[1] Although the Complaint includes class-action claims, the Parties' proposed Settlement—as explained below—rests upon a § 216(b) basis that requires a Collective Member to opt into the Settlement to receive payment.

On February 26, 2021, the Parties again jointly moved for a Stay and Tolling. ECF No. 19. This time the Parties requested additional time to explore early resolution. *Id.* at 2. The Parties agreed to "informally share exchange information prior to mediation". *Id.* The Court granted an extension until June 4, 2021. ECF No. 21.

To facilitate the exchange of information necessary for mediation, on April 21, 2021, the Parties filed a nine-page Stipulated Protective Order ("SPO") signed by the Court. ECF No. 22. The SPO specified settlement as one of the uses for information exchanged under the SPO. *Id.* at 3.

The Parties formally mediated this case on May 19, 2021, with an experienced and reputable wage-and-hour mediator, John Phillips. The Parties continued their settlement efforts through informal mediation on June 2, 2021, without a mediator, and were ultimately able to agree to a settlement in principle. Ex. 2, ¶ 17 (Decl. of Clif Alexander).

A Notation Entry dated June 3, 2021, states that defense counsel notified the Court that the case had settled. Since that time, the Parties have been jointly working to finalize the terms and implementation of the proposed Settlement and are now ready to seek the Court's approval. FLSA settlement agreements generally require approval by a Court or the Department of Labor ("DOL"). *See* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc.* v. *United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

## II. Proposed Settlement Terms

Plaintiffs' counsel has achieved a prompt, fair, and equitable resolution of Plaintiff Fyffe's claims and those of the FLSA Collective Members (as defined in the Settlement). And Plaintiffs' counsel did so in a manner—making minimal use of the Court's time—that also conserved Plaintiffs' resources and maximized their recoveries. In sum, and subject to the Court's approval and the Settlement's specific terms, the Settlement establishes a Gross Settlement Amount paid by TriHealth

in the amount of $1,000,000, from which Plaintiff Fyffe, the Participating FLSA Collective Members, Collective Counsel (Anderson Alexander, PLLC and Barkan Meizlish, LLP), and the Third-Party Administrator are to be compensated.

Fyffe and the defined FLSA Collective Members that opt into the Settlement and become Participating FLSA Collective Members are to be compensated *pro rata*—with adjustments based on reasonable criteria specified by Plaintiffs' counsel—such as the number of lunches worked through each week and the total number of weeks worked—from the Net Settlement Fund (the gross amount less Court-approved attorney's fees and costs, third-party administrator costs, and Fyffe's service award).

In exchange, Fyffe and the Participating FLSA Collective Members agree to release their claims against TriHealth, its Bethesda North Hospital, and their agents, successors, and assigns that could reasonably have been asserted in the Complaint. This Lawsuit will also be dismissed with prejudice.

The Settlement reaches back three years from the filing of the Complaint by defining the FLSA Collective Members as certain nurses of TriHealth who worked at its Bethesda North Hospital "during the three years prior to the filing of the Complaint." Ex. 1 § II(A).

The Settlement appoints Rust Consulting as the Third-Party Administrator for the administration and implementation of the Settlement. Rust Consulting will set up a Qualified Settlement Fund ("QSF") for the Gross Settlement Amount paid by TriHealth and, if Court-approval is obtained, send notice (attached as Ex. A to the Settlement) of the Settlement to FLSA Collective Members as well as a Consent to Join and Release Agreement (attached as Ex. B to the Settlement), perform a reasonable search for addresses of FLSA Collective Members whose notices were not delivered, and then disburse the appropriate settlement amounts from the QSF to FLSA Collective Members that have timely returned Consent/Release Agreements.

Courts within the Sixth Circuit and elsewhere have frequently appointed Rust Consulting as a settlement/claims administrator. *E.g., Peck v. Air Evac EMS, Inc.*, No. 5:18-615-DCR, 2019 WL 3219150, at *10 (E.D. Ky. July 17, 2019); *Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 WL 2095172, at *6 (N.D. Ohio May 4, 2018); *Rivas v. Dinex Group, LLC*, No. 20-cv-03117, 2021 WL 2850627, at *1 (S.D.N.Y. July 8, 2021); *Chetwood v. T-Mobile USA, Inc.*, No. 2:19-cv-00458-RSL, 2021 WL 2206481, at *3 (W.D. Wash. June 1, 2021).

## III.    The Settlement Should Be Approved.

Courts approve FLSA settlement agreements where the overall terms of the settlement are fair and reasonable. *See UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("Before approving a settlement, a district court must conclude that it is fair, reasonable, and adequate."). "[T]he Court's role in this situation is in many ways comparable to, but in others quite distinguishable from that of a court in a settlement of a class action brought pursuant to FED. R. CIV. P. 23, and derives from the special character of the substantive labor rights involved." *Burnham v. Papa John's Paducah, LLC*, No. 5:18-cv-112-TBR, 2020 WL 2065793, at *1 (W.D. Ky. Apr. 29, 2020) (quoting *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008)). Specifically, the Court must determine whether "the settlement is a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Id.* "The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligation under the FLSA." *Filby v. Windsor Mold USA, Inc.*, No. 3:13-cv-1582, 2015 WL 1119732, at *2 (N.D. Ohio Mar. 11, 2015). As shown in the attached Declarations of Clif Alexander and Robert E. DeRose, Court approval is warranted. *See* Exs. 2 & 3.

### A.    *Bona Fide* Disputes Exist Over Plaintiffs' Claims and TriHealth's Defenses.

*Bona fide* disputes exist as to several material and substantial issues including (1) whether and how much compensable work Plaintiffs performed off-the-clock; (2) whether TriHealth knew or

should have known that Plaintiffs performed compensable work off-the-clock; (3) whether and to what extent collective or class treatment may be appropriate; (4) whether liquidated damages should be awarded; and (5) whether a three-year limitations period should apply. Formal mediation, thus, proved insufficient; the Parties needed additional time and informal mediation to reach an agreed resolution. TriHealth explicitly continues to dispute the merits of Plaintiffs' claims as part of the Settlement. Ex. 1, ¶ III(G). This factor strongly favors approval.

**B.** **The Proposed Settlement Is Fair and Reasonable and Constitutes an Exceptional Result for the FLSA Collective Members.**

In the Sixth Circuit, courts analyze the fairness of an FLSA settlement using seven factors. *E.g., UAW,* 497 F.3d at 626. They are—

1. the risk of fraud or collusion;

2. the complexity, expense and likely duration of the litigation;

3. the amount of discovery engaged in by the parties;

4. the likelihood of success on the merits;

5. the opinions of class counsel and class representatives;

6. the reaction of absent class members; and

7. the public interest.

*Id.*

**1.** **No Risk of Fraud or Collusion**

The Parties are represented by independently-selected, able, experienced, and reputable counsel. The Settlement was reached only after exchanging information and hard-fought negotiations. No evidence of fraud or collusion exists. "In the absence of evidence to the contrary, the court may presume that no fraud occurred and there was no collusion between counsel." *Foster v. Residential Programs, Inc.*, No. 2:19-cv-2358, 2021 WL 664055, at *3 (S.D. Ohio Feb. 18, 2021) (quoting *Crawford*, 2008 WL 4724499, at *6). Thus, the first factor favors approval of the proposed Settlement.

## 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

Wage-and-hour collective action cases are, "by their very nature, complicated and time-consuming." *Foster*, 2021 WL 664055, at *3 (quoting *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014)); *see also Mullins v. Data Mgmt. Co.*, No. 1:20-cv-214, 2021 WL 2820560, at *5 (S.D. Ohio June 21, 2021) (same); *Does 1-2 v. Deja Vu Servs.*, 925 F.3d 886, 899 (6th Cir. 2019) (characterizing "complex litigation and class action suits" as "notoriously difficult and unpredictable"); *Lewis v. Huntington Nat'l Bank*, No. 2:11-cv-00058, 2013 WL 12231327, at *3 (S.D. Ohio May 30, 2013) (recognizing that, absent settlement, wage and hour plaintiffs "would have had to show, through testimony and documentary evidence, the specific hours, times, and dates worked—a process requiring extensive and expensive additional discovery"); *cf. Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-cv-27, 2015 WL 6662919, at *2 (S.D. Ohio Nov. 2, 2015) (decertifying collective because of "disparate factual and employment settings" of the individual opt-in plaintiffs).

In view of the costs, risks, and delay of continued litigation balanced against the benefits of compromise, the Settlement is in the best interests of the FLSA Collective Members as it provides them substantial relief, promptly and efficiently, and augments the benefits of that relief through the economies of collective resolution.

## 3. The Parties Have Engaged in Substantial Informal Discovery.

The Parties have engaged in substantial investigation prior to and during the settlement negotiations, and the issues are well understood by both sides. Ex. 2, ¶¶ 16-18. Relevant informal discovery was provided by Defendant to Plaintiffs' counsel, such as workweek and payrate information. Ex. 2, ¶ 16. Named-Plaintiff Fyffe also provided voluminous information and material concerning Plaintiffs' allegations, including emails and time studies, which were critical to evaluating, bringing and resolving this action. *Id.* Plaintiffs' counsel conducted an exhaustive review of all available information and material. The analysis of the data was extrapolated to the entire FLSA Collective,

estimated to number roughly 1,000 nurses, and a damage model was created to serve as a basis for negotiation and mediation and, ultimately, the proposed Settlement. Ex. 2, ¶¶ 17-18.

The legal issues were thoroughly researched and understood by respective counsel for the Parties. Ex. 2, ¶¶ 16-18. All of aspects of the dispute are well-understood by both sides. *Id.* In sum, Plaintiffs' counsel has comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement.

Thus, this case mirrors another in this Court for which settlement approval was sought and obtained—

> While little formal discovery has taken place, the extent of communications between Plaintiffs and Defendants weighs in favor of approving the Proposed Settlement. The level of correspondence and negotiation between the parties indicates the parties were adequately informed as to their potential claims and liability. *See Crawford*, 2008 WL 4724499, at *7. Across the length of this action, the parties have exchanged relevant information, including time and pay data and calculations of alleged overtime damages. Further, the parties engaged in settlement negotiations and participated in a day-long mediation before reaching an agreement to settle the action.

*Foster*, 2021 WL 664055, at *3 (record citations omitted). Again, this factor supports approval of the proposed Settlement.

### 4. The Likelihood of Success on the Merits

Plaintiffs have little to guide the Court concerning the merits of their claims given the absence of formal discovery. But informal discovery, combined with the SPO, allowed Plaintiffs' counsel to reach an informed evaluation and resolution that conserved resources and maximized Plaintiffs' recoveries. Without settlement, however, Plaintiffs' counsel will continue to pursue Plaintiffs' claims based on their contract with Plaintiff Fyffe, which provides only for a contingency fee. Ex. 2, ¶¶ 18, 23.

Again, this Court's *Foster* opinion provides helpful insight—

> Considering that limited formal discovery has taken place, this Court cannot determine the likelihood of Plaintiffs' success on the merits. However, the outcome of litigation is always uncertain, and both sides bear some risk throughout continued litigation. *See, e.g., Henry v. Quicken Loans, Inc.*, 698 F.3d 897, 898 (6th Cir. 2012) (affirming a jury verdict that mortgage bankers were exempt from the overtime requirements of the FLSA after eight years of litigation). If a settlement is not reached, Plaintiffs' counsel would litigate the case without any promise of compensation. Further, the Proposed Settlement affords Plaintiffs a certain recovery, as opposed to the uncertainty that trial would bring.

*Foster*, 2021 WL 664055, at *3 (record citation omitted); *see also Linneman v. Vita-Mix Corp.*, 970 F. 3d 621, 636 (6th Cir. 2020) (settlements are subject to the concern that "a dollar today is worth more than a dollar in the future"). The same concerns are present in this case, and approval is warranted.

### 5.   The Opinions of Counsel and the Representative Plaintiff Weigh in Favor of Approval.

Based on Plaintiffs' counsel's knowledge of the case and applicable law, as well as their experience in numerous similar wage and hour collective actions, Plaintiffs' counsel believes that the Settlement is fair and reasonable and constitutes an exceptional result for Plaintiff Fyffe and the FLSA Collective Members. Ex. 2, ¶ 18; *see also Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 WL 4573289, at *6 (S.D. Ohio Sept. 25, 2018) ("The Court gives deference to [counsel's] experienced opinion that the Settlement Agreement should be approved.") (*citing Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)); *see also Mitchell v. Indep. Home Care, Inc.*, No. 2:17-cv-717, 2019 WL 696941, at *5 (S.D. Ohio Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 1125760 (Mar. 12, 2019) ("The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference.") (internal citations omitted); *Isby v. Bayh*, 75 F. 3d 1191, 1200 (7th Cir. 1996) ("[T]he district court was entitled to give consideration to the opinion of competent counsel that the settlement was fair, reasonable and adequate.").

Additionally, the Representative-Plaintiff Fyffe approved the terms of the Settlement as evidenced by his signature on it. Ex. 1 at 16. In light of the foregoing, the Court should approve the Parties' proposed Settlement.

### 6. The Reaction of Absent Class Members

In an "opt-in class" action, such as this one, "there are no 'absent class members.'" *Murton v. MeasureComp, LLC*, No. 1:07-cv-3127, 2009 WL 10715595, at *7 (N.D. Ohio Aug. 10, 2009). Because only those FLSA Collective Members that opt into the Settlement will be bound by it (Ex. 1, ¶ IV(D)(1)), the possible objections of class members carry little weight. *Cf.* FED. R. CIV. P. 23(e) (mandating right to object to settlement for any member of opt-out class). In any event, no one has objected to the proposed Settlement, which favors approval. *Foster*, 2021 WL 664055, at *4.

### 7. Approval Would Strongly Promote the Public Interest.

According to the Sixth Circuit,

> There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources.

*Does 1-2*, 925 F.3d at 899 (internal quotes omitted). Thus, "[i]f a settlement agreement reflects a reasonable compromise over the issues, a court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Foster*, 2021 WL 664055, at *4 (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

Here, the above discussion shows that the proposed Settlement represents a reasonable compromise over multiple, disputed issues and evaluations by both sides of the likelihood of success on the claims and defenses, and the costs, uncertainties, and inconveniences of continued litigation, such as conditional certification, trial, and appeal. Moreover, the settlement was reached in an adversarial context in which the Parties were represented by competent and experienced wage and

hour counsel. Thus, the totality of the proposed Settlement is fair and reasonable and should be approved.

**C.    The *Pro Rata* Settlement Allocation Is Fair, Reasonable, and Adequate.**

"As a part of its exacting and thorough examination of a class-action settlement, a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford*, 2008 WL 4724499, at *9. "The need for equity in distributions of proceeds is no less in a collective-action settlement." *Id.* "[No law] requires that settlements offer a *pro rata* distribution to class members; instead the settlement need only be fair, reasonable, and adequate." *UAW*, 497 F.3d at 628.

In this case, the Settlement proceeds shall be distributed to the Participating FLSA Collective Members on a *pro rata* basis according to an equitable formula determined by the undersigned Collective Counsel. The formula will take into account: (1) the combined total number of weeks worked by all of the FLSA Collective Members; and (2) the total number of weeks worked for each individual participant. This result ensures that the Net Settlement Amount is distributed fairly to the FLSA Collective Members, depending on their tenure with TriHealth within the relevant time period. The proposed allocation of settlement proceeds is fair, reasonable, and adequate as it apportions funds based on the circumstances of each collective member's employment by Defendant. *See Burnham*, 2020 WL 2065793, at *4.

**D.    Named-Plaintiff Fyffe's Service Award Should Be Approved.**

Under the proposed Settlement, Fyffe will receive a $5,000 service award in recognition of his leadership role on behalf of the FLSA Collective Members and time and effort in pursuing this litigation. Ex. 1, ¶ IV(D)(3). Plaintiff Fyffe contributed significantly to the lawsuit and, ultimately, the proposed Settlement. He was willing to serve as the representative plaintiff and include his name conspicuously on the style of the case. As the representative Plaintiff Fyffe engaged in lengthy conversations with Plaintiffs' counsel detailing TriHealth's auto-deduct and off-the-clock policies, and

he provided Plaintiffs' counsel with voluminous documentation critical to evaluating, bringing, and resolving the action. Ex. 2, ¶¶ 16-18, 25. Finally, Plaintiff Fyffe voluntarily entered into a general release as a condition of the Settlement as opposed to the limited wage-and-hour release applicable to the Participating FLSA Collective Members. *Compare* Ex. 1 ¶ IV(C)(1) *with* ¶ (2).

> [C]ompensation to a named plaintiff is justified when the named plaintiff expends time and effort beyond that of the other class members in assisting class counsel with the litigation, or where the named plaintiff faced the risk of retaliation as a result of their participation as class representative. . . . [T]he parties represent that [Representative Plaintiff] engaged in extensive communication with Plaintiffs' counsel throughout the litigation. Accordingly, the service fee is warranted. *See, e.g., Swigart*, 2014 WL 3447947, at *7 (approving a class representative award of $10,000 to two class representatives); *Hiebel v. U.S. Bank Nat'l Ass'n*, No. 2:11-cv-00593, 2014 WL 12591848, at *2 (S.D. Ohio May 21, 2014) (Sargus, J.) (approving a class representative award of $5,000 to each original representative plaintiff).

*Foster*, 2021 WL 664055, at *5 (record citation omitted). In sum, Plaintiff Fyffe helped facilitate the prompt, fair, and successful resolution of this litigation, and his knowledge, time, and efforts support the requested service payment.

## IV. Plaintiffs' Counsel's Fees and Costs Are Reasonable and Should Be Approved.

From the Gross Settlement Amount of $1,000,000.00, the Settlement sets aside up to $400,000 for both attorney's fees and litigation costs for the undersigned Plaintiffs/Class counsel, Anderson Alexander, LLP and Barkan Meizlish, LLP. Ex. 1, ¶ IV(D)(2). TriHealth has agreed to not oppose counsel's Motion for Court approval of fees and costs of up to $400,000. *Id.* Plaintiffs' counsel seeks seek Court approval of $333,333.33 (one-third of the Gross Settlement Amount) as reasonable attorney's fees and $4,534.79 in reasonable litigation costs. Ex. 2, ¶¶ 19-24.

A. **As One of Its Essential and Integral Parts, the FLSA Mandates an Award of Reasonable Attorney's Fees to Ensure the Availability of Competent Counsel for Employees, to Ensure that Employees May Vindicate Congressionally-Identified Policies and Rights, and to Foster Compliance with the FLSA.**

1. **An Award of Fees Is Mandatory.**

Congress included a fee-shifting provision in the FLSA that mandates an award of reasonable attorney's fees and litigation costs to a prevailing employee. 29 U.S.C. § 216(b). Indeed, "[a]n award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.*, Case No. 3:90CV7087, 1993 WL 659253, at *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir. 1984)); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) ("The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA.").

2. **Fee Awards Make Competent Attorneys Available to Both Compel and Promote Compliance With the FLSA.**

Federal courts have long recognized the profound importance of plaintiffs' right to recover attorney's fees under the FLSA, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be individually significant. *See, e.g., Fegley v. Higgins*, 19 F. 3d 1126, 1134–43 (6th Cir.) (FLSA's fee provision "insures effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and "encourages the vindication of congressionally identified policies and rights"; internal quotes omitted), *cert. denied*, 513 U.S. 875 (1994); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) (recognizing that the FLSA's fee recovery provision, 29 U.S.C. § 216(b), is an "integral part of the merits of FLSA cases and part of the relief sought therein"); *see also Foster*, 2021 WL 664055, at *4 ("A reasonable fee is one that is adequate to attract competent counsel . . . [and] further the objectives of the FLSA and encourage future employer adherence to the FLSA.") (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999), and *Fegley*, at 1134-35)). So integral are attorney's fees under the FLSA that the Sixth Circuit recently took the

unusual step of reversing a district court's reduction of fees sought in an FLSA case and ordering judgment for the full amount of the fees sought. *Rembert*, 986 F.3d at 618 ("[L]itigation about the amount of fees awardable—particularly with respect to the modest amounts claimed here—is often a self-defeating exercise for everyone concerned. Viewing counsel's time entries in light of the record as a whole, therefore, we respectfully conclude that the district court abused its discretion when it did not grant in full the amounts requested in counsel's fee petition.").

### 3. No Mathematical Relationship Necessarily Exists Between the Amount of Damages Recovered and the Amount of Recoverable Attorney's Fees.

Due to their critical importance to federal policies and goals, FLSA fee awards often exceed the amount recovered by plaintiffs in lost wages (although Plaintiffs' counsel seeks only one-third here). *Fegley*, 19 F.3d at 1134–35 (affirming award of $40,000 in fees on $7,680 in damages), *cited with approval in Howe v. Hoffman-Curtis Partners Ltd.*, 215 F. App'x 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Cox v. Brookshire Grocery Co.*, 919 F. 2d 354, 358 (5th Cir. 1990) (affirming award of $9,250 in fees on damages of $1,698); *Bonnette v. Cal. Health & Welfare*, 704 F. 2d 1465, 1473 (9th Cir. 1983) (affirming $100,000 in fees on damages of $20,000); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228–29 (7th Cir. 1972) (affirming $20,000 fee award upon damages of $24,371.20).[2]

---

[2] For similar district court opinions, *see Albers v. Tri-State Implement, Inc.*, No. 06-4242-KES, 2010 WL 960010, at *2, *26 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees on damages of $2,137.97); *Fox v. Tyson Foods, Inc.*, No. 4:06-cv-4676-VEH, 2009 WL 9541256, at *18, *24 (N.D. Ala. Feb. 17, 2009) (awarding fees of $765,618.10 in case originally brought as FLSA collective action where only three employees' cases were ultimately tried, resulting in judgments totaling $4,937.20); *King v. My Online Neighborhood, Inc.*, No. 606-cv-435-ORL-22JGG, 2007 WL 737575, at *1 (M.D. Fla. Mar. 7, 2007) (approving settlement for $4,500 in unpaid wages and $10,500 fees); *Perrin v. John B. Webb & Assocs.*, No. 6:04-cv-399-ORL-KRS, 2005 WL 2465022, at *1, *4 (M.D. Fla. Oct. 6, 2005) (awarding $7,446 in fee on damages of $270; "[F]or plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time."); *Heder v. City of Two Rivers,* 255 F. Supp. 2d 947, 952, 962 (E.D. Wis. 2003) (awarding $36,204.88 in fees and costs on damages of $3,540), *aff'd*, 93 F. App'x 81 (7th Cir. 2004); *Wales v. Jack M. Berry, Inc.,* 192 F. Supp. 2d 1313, 1327 (M.D. Fla. 2001) (awarding fees of $352,225.40 on damages of $21,000); *Perdomo v. Sears, Roebuck & Co.*, No. 97-2822-CIV-T-17A, 1999 WL 1427752, at *1, *10 (M.D. Fla. Dec. 3, 1999) (awarding fees of $114,832.25 on judgments

### 4. Permissible Measures of Recoverable Attorney's Fees.

There are two basic measures for evaluating the reasonableness of an attorney's award under the FLSA—that is, "work done and results achieved." *Rui He v. Rom*, 751 F. App'x 664, 673 (6th Cir. 2018) (quoting *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016)). "Work done" refers to the "lodestar" method of fee calculation, and the "results achieved" refers to the "percentage of the fund" method. *Gascho*, at 279; *see also Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249–50 (S.D. Ohio 1991) ("The percentages awarded in common fund cases typically range from 20 to 50 percent of the common fund created."). Where counsel has obtained a fund for a class of plaintiffs, counsel should be "fairly compensated for the amount of work done as well as for the results achieved." *Gascho*, at 279 (quoting *Rawlings v. Prudential–Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)).

A district court has broad discretion in determining a reasonable attorney's fee. *E.g., Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). The germane factors typically include—

1. the value of the benefit rendered to the plaintiff class;

2. the value of the services on an hourly basis;

3. whether the services were undertaken on a contingent-fee basis;

4. society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

5. the complexity of the litigation; and

6. the professional skill and standing of counsel involved on both sides.

*Id.*, *quoted with approval in Gascho*, at 280.

---

after trials for six employees totaling $17,140.84 [including three employees who recovered nothing]); *Griffin v. Leaseway Deliveries, Inc.*, No. 89-6522, 1992 WL 398381, at *1, *6 (E.D. Pa. Dec. 31, 1992) (awarding fees of $33,631.00 on damages of $17,467.

**B.     One-Third of the $1,000,000 Gross Settlement Amount Is a Reasonable Attorney's Fee for this Complex Case, Taken on a Contingent-Fee Basis, to Fairly Compensate Experienced Counsel for the Superior Result Achieved in the Critical Area of Wage and Hour Law.**

Although a court may award fees based on the lodestar method, the Sixth Circuit noted decades ago the "trend towards adoption of a percentage of the fund method" in common fund cases. *Rawlings*, 9 F.3d at 515.

> The percentage of the fund approach encourages early settlement and provides a fair and equitable means of determining attorney's fees. Furthermore, the size of a common fund is an objective yardstick by which the benefit conferred upon the class can be measured.

*In re Revco Sec. Litig.*, No. 851, 1992 WL 118800, at *2 (N.D. Ohio May 6, 1992) (internal quotes omitted). Not surprisingly, "[i]n this district, 'the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier.'" *NorCal Tea Party Patriots v. IRS*, No. 1:13-cv-341, 2018 WL 3957364, at *1 (S.D. Ohio Aug. 17, 2018) (Barrett, J.) (quoting *Swigart*, at *5, and finding 50% of the fund to constitute a reasonable attorney's fee); *see also Dewald v. Time Warner Cable Inc.*, No. 16-cv-1129, 2021 WL 687246, at *5 (S.D. Ohio Feb. 16, 2021) (Barrett, J.) ("Absent compelling reasons to the contrary, this Court prefers the percentage-of-the-fund method, as it best reflects FLSA's employee-protection objective.").

This Court has also approved a one-third attorney's fee as reasonable in connection with the settlement of an FLSA case. *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, ECF No. 136 (S.D. Ohio Nov. 7, 2019) (attached as Ex. 4) (approving one-third fee); *see also id.*, 2019 WL 4574509, at *8 (Sept. 20, 2019) ("In sum, 33% is typical for attorney's fees in common fund, FLSA collective actions in this District, though a fee award in a particular case may be higher or lower based on unique circumstances in a particular case."); *Osman*, 2018 WL 2095172, at *3 (approving one-third fee of FLSA settlement). The germane factors also amply support a one-third fee in this case.

### 1. The Value of the Benefit Rendered to the Plaintiff Class

Under the proposed Settlement, the FLSA Collective Members (with no effort on their part other than opting into the Settlement) are entitled to a substantial recovery on their claims that reaches back a maximum three years *__from the date of suit__*.[3] Indeed, if all of the 1,000 estimated FLSA Class Members opt into this suit, on average they will each receive roughly $600 in damages. This amounts to an estimated 90%+ of their estimated unpaid, off-the-clock wages over that time and constitutes an exceptional result. Ex. 2, ¶ 18; *see also Shanahan v. KeyBank*, No. 1:19-cv-2477, 2021 WL 1034403, at *5 (N.D. Ohio Mar. 16, 2021) (approving lodestar multiplier of 3.75 where counsel recovered "significant benefit" of 35% of unpaid wages), *cited with approval in Macaluso v. Zirtual Startups, LLC*, No. 2:19-cv-3616, 2021 WL 3639665, at *6 (S.D. Ohio Aug. 17, 2021).

### 2. The Value of the Services on an Hourly Basis

Plaintiffs' counsel expended over 353.1 hours in the prosecution of Plaintiffs' and the FLSA Collective's claims. *See* Ex. 2; ¶ 19 (345.2 hours); Ex. 3, ¶ 5 (7.9 hours billed). The straight lodestar amount in this case, with no multiplier is $157,480.50. Ex. 2, ¶ 19 ($155,505.00), Ex. 3, ¶ 5 ($1,975.50). The fees, together with the litigation expenses, totals $162,015.29.

The straight lodestar amount ($157,480.50), when combined with the requested one-third fee award of $333,333,33, results in a multiplier of 2.1, which is reasonable in general for cases of this type and for this case in particular given the exceptional result. Ex. 2, ¶ 24. Further,

---

[3] As the Court is well-aware, the operative limitations period for opt-in plaintiffs in FLSA collective actions is usually two years prior to the date that they join the suit or the date that the Court grants conditional certification. *See* 29 U.S.C. § 216(b) (providing that employees become party to suit upon filing consent to join); & § 255 (providing two-year limitations period, three years for willful violations); *Bradford v. Team Pizza, Inc.*, No. 1:20-cv-00060, 2020 WL 5987840, at *3 (S.D. Ohio Oct. 9, 2020) (Barrett, J.) (adopting magistrate's R&R that "the weight of authority within the Southern District of Ohio indicates the class period should run from the date of an Order granting conditional certification and not the filing of this lawsuit").

In wage and hour collective and class actions, lodestar multipliers between 1 and 3 are common. *See Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386, 2018 WL 5023950, at *5 (S.D. Ohio Oct. 17, 2018) (approving award of attorney's fees in wage and hour collective and class action at a 2.57 lodestar multiplier); *Castillo v. Morales, Inc.*, No. 2:12-cv-650, 2015 WL 13021899, at *7 (S.D. Ohio Dec. 22, 2015) (approving award of attorney's fees in wage and hour collective and class action at a lodestar multiplier of approximately 2.5, which "is typical of lodestar multipliers in similar cases").

*Fitzgerald v. P.L. Mktg., Inc.*, No. 2:17-cv-2251-SHM, 2020 WL 3621250, at *10 (W.D. Tenn. July 2, 2020); *see also Shanahan*, 2021 WL 1034403, at *5 (approving lodestar multiplier of 3.75 where counsel recovered "significant benefit" of 35% of unpaid wages), *cited with approval in Macaluso*, 2021 WL 3639665, at *6.

### 3.     Whether the Services Were Undertaken on a Contingent-Fee Basis

Plaintiffs' counsel took this case on a contingent basis, which favors approving the attorney's fees sought. *See* Exhibit 2, ¶ 23; Exhibit 3, ¶ 14. *Hebert*, 2019 WL 4574509, at *5 ("[C]ounsel absorbed the risk of an unsuccessful outcome and no fee of any kind. This favors granting the attorney's fees award."); *Gentrup*, 2011 WL 2532922, at *4 ("Plaintiffs' counsel have made significant investments of time and have advanced costs but have received no compensation in this matter.").

The representation agreement between Plaintiff Fyffe and his counsel provides for a 40% fee (plus costs) in the event Plaintiff is successful on his claims. Importantly, the representation agreement further provides that Plaintiff Fyffe bore no risk of loss if unsuccessful. Plaintiffs' counsel was solely responsible for all costs and expenses in this matter with no certainty of recovery. See Exhibit 2, ¶ 26. Thus, the contingent-fee contract supports a one-third fee in this case.

### 4.     Society's Stake in Rewarding Attorneys Who Produce Such Benefits to Maintain an Incentive to Others

Society's stake in the superior result that counsel achieved for Plaintiff and the FLSA Collective Members in this wage and hour collective/class action strongly favors approval of a one-third fee for Plaintiffs' counsel. *Hebert*, 2019 WL 4574509, at *5 ("Society's stake in rewarding attorneys who bring class action wage and hour cases favors the requested award.") (quoting *Gentrup*, 2011 WL

2532922, at *4)); *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) ("Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own.").

### 5. The Complexity of the Litigation

Wage-and-hour collective action cases are, "by their very nature, complicated and time-consuming." *Foster*, 2021 WL 664055, at *3 (quoting *Swigart*, 2014 WL 3447947, at *7); *see also Mullins*, 2021 WL 2820560, at *5 (same); *Does 1-2*, 925 F.3d at 899 (characterizing "complex litigation and class action suits" as "notoriously difficult and unpredictable"). Once again, here is another factor favoring the requested fee.

### 6. The Professional Skill and Standing of Counsel Involved on Both Sides

Experienced counsel, specialized in wage and hour litigation, represented the Parties on each side of the docket. Plaintiffs' counsel has represented hundreds of thousands of employees throughout the United States in collective and class action wage and hour litigation since 2016. See Ex. 2, ¶ 15; Ex. 3, ¶ 3, 6-12. As such, Plaintiffs' counsel is familiar not only with this complex area of the law, but that also with these claims in the health care industry, and specifically in this case. The skill and experience of Plaintiffs' counsel is further addressed in their attached Declarations. *See* Ex. 2, ¶¶ 4–15; Ex. 3, ¶¶ 3, 6-12.

### C. Litigation Costs

"Reimbursement of costs that are reasonable and necessary to the litigation and resolution of a case warrant approval by this Court." *Foster*, 2021 WL 664055, at *5 (citing *Swigart*, 2014 WL 3447947, at *7). Plaintiffs' counsel seeks a total of $4,534.79 in expenses that were reasonable in amount and necessary for the successful prosecution and settlement of this action. *See* Ex. 2; ¶¶ 19, 21 ($3,518.59 in expenses); Ex. 3; ¶ 16 ($1,016.20 in expenses).

## V. Conclusion and Prayer

For these reasons, Plaintiffs request that the Court grant the Motion to Approve; approve the proposed Settlement, the service award to Named-Plaintiff Fyffe, and the fees and costs requested by Plaintiffs' counsel; and grant Plaintiffs all other proper relief.

Dated: September 2, 2021

Respectfully submitted,

/s/ Clif Alexander
**Clif Alexander** (admitted *pro hac vice*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (admitted *pro hac vice*)
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
361.452.1279 phone
361.452.1284 fax

**Attorneys for Plaintiff and the Class Members**

/s/ Robert E. DeRose
**Robert E. DeRose** (OH Bar No. 0055214)
bderose@barkanmeizlish.com
**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
T: (614) 221-4221
F: (614) 744-2300

**Local Counsel**